UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden,<br><br>       Plaintiff,<br><br>vs.<br><br>Simon Major, Director of the Sumter-Lee Regional Detention Center; D. Scott Cook, Dietician of SLRDC, in their individual and personal capacities,<br><br>       Defendants. | C/A No.: 4:10-1256-MBS-TER<br><br>Report and Recommendation |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] . Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Entry 10). However, plaintiff's request to proceed *in forma pauperis* should be denied, and plaintiff's complaint should be dismissed if he fails to timely pay the filing fee because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three-strikes" rule was enacted to bar prisoners, such as plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is detained at Sumter Lee Regional Detention Center (SLRDC) in Sumter, South Carolina. Plaintiff filed this civil rights complaint complaining that he is being denied adequate nutrition in retaliation for previously filing a case in this court concerning the calorie restricted portions which are being served at the SLRDC. He has not alleged that he is in imminent danger although he claims he is losing weight, has hunger pains and has headaches. Plaintiff seeks "monetary damages" and injunctive relief.

Plaintiff is a frequent filer in the federal court system, and he previously has filed over a dozen civil actions in this Court. This court may take judicial notice of the three (3) civil actions filed by plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous. *See McFadden v. Allen, et al.,* No. 3:05-887-RBH (D.S.C. Nov. 29, 2005); *McFadden v. Clarendon Co. Sheriff's Dept., et al.,* No. 3:00-2536-MBS (D.S.C. May 22, 2001); *McFadden v. Land, et al.,* No. 3:99-3221-MBS (D.S.C. October 21, 1999). *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In light of plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998); *Smith v. Wang*, 2010 WL 997100 (4th Cir. 2010)(allegations that defendant failed to schedule a follow-up scan after prior scan suggested the presence of a tumor, taking plaintiff's allegations as true,

sufficiently established plaintiff was in imminent danger of serious physical injury).

This complaint does not fit within this exception to proceed *in forma pauperis* as plaintiff does not allege that he is in imminent danger of serious physical injury. Additionally, plaintiff has a pending case in this district concerning the food at the SLRDC. *See McFadden v. Major, et al*, Civil Action No.: 1:10-1941-HFF-SVH. Therefore, to proceed with this complaint, plaintiff must pay the full filing fee. If plaintiff timely pays the filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized. If plaintiff does not timely pay the full filing fee, this action should be dismissed without prejudice and without service of process by the District Judge.

### **Recommendation**

It is recommended that plaintiff's motion to proceed *in forma pauperis* be denied. It is further recommended that plaintiff be given fifteen (15) days from the date the District Judge rules on this Report to pay the filing fee (currently $350)[2], and that the Office of the Clerk of Court withhold entry of judgment until such time expires. If plaintiff fails to timely pay the filing fee, the Clerk of Court shall refer this action to the District Judge for an additional order to dismiss this action, and it is recommended that this action should be dismissed without prejudice. Should plaintiff timely pay the full filing fee, the Clerk of Court shall refer this matter to the undersigned to conduct a review of Plaintiff's complaint under § 1915A.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

October 13, 2010
Florence, South Carolina

*The plaintiff's attention is directed to the important notice on the next page*.

---

[2] Payment should be made to: *Clerk, U.S. District Court*, 901 Richland Street, Columbia, South Carolina, 29201.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).